UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANDRE DIGGS,

                Plaintiff,                    **COMPLAINT AND**
                                                      **JURY DEMAND**

       -against-

THE CITY OF NEW YORK, WILLIAM PLUME,
THOMAS DONALDSON, and JOHN DOES
ONE through FIVE,


                Defendants.
------------------------------------------------------------X

      The Plaintiff, ANDRE DIGGS, by his attorney, The Rameau Law Firm,

alleges the following, upon information and belief for this Complaint:

### INTRODUCTION

      1.     This is a civil rights action for money damages brought pursuant

to 42 U.S.C. §§ 1983 and 1988 against the individual police officers identified

herein and their employer, the City of New York.

### PARTIES, VENUE AND JURISDICTION

      2.     Plaintiff ANDRE DIGGS is a resident of New York County in the

City and State of New York and of proper age to commence this lawsuit.

      3.     At all relevant times hereinafter mentioned, Defendant City of New

York was and is a municipal corporation duly organized and existing under

and by virtue of the laws of the State of New York and acts by and through its

agencies, employees and agents, including, but not limited to, the New York

City Police Department ("NYPD"), and their employees.

4.      At all relevant times hereinafter mentioned, defendant police officer William Plume, Shield No. 4499, was employed by the City of New York as a member of the NYPD. Plume is sued in his individual and official capacities.

5.      At all relevant times hereinafter mentioned, defendant police officer Thomas Donaldson, Shield No. 4788 was employed by the City of New York as a member of the NYPD. Donaldson is sued in his individual and official capacities.

6.      At all relevant times hereinafter mentioned, defendants John Does One through Five were individuals employed by the City of New York as members of the NYPD whose actual and complete identities are not known to plaintiffs at this time. The Doe defendants are sued herein in their individual and official capacities.

7.      This Court has subject matter jurisdiction over the federal claims pursuant to 42 U.S.C. §1983.

8.      Under 28 U.S.C. § 1391(b) and (c) venue is proper in the Southern District of New York.

## FACTUAL ALLEGATIONS

9.    Plaintiff is an African-American male.

10.   On or about December 12, 2014, at approximately 8:00 p.m., plaintiff was in the area of 124th Street between Park Avenue and Lenox Avenue, in the County of New York, City and State of New York.

11.   Defendant Plume and Donaldson approached plaintiff and began questioning plaintiff without any probable cause.

12.   Plaintiff became petrified and ran away.

13.   The defendants then arrested plaintiff without any probable cause or justification.

14.   The defendants then transported plaintiff to a police precinct.

15.   There was no probable cause for the arrest of plaintiff, nor was there any reasonable basis to believe such cause existed.

16.   Plaintiff was then transported to Central Booking.

17.   On December 13, 2014, the plaintiff was arraigned on various charges based on fabricated evidence.

18.   The case was presented to a Grand Jury on December 18, 2014.

19.   The Grand Jury voted prior to the plaintiff exercising his right to testify, in violation of Criminal Procedure Law 190.50.

20.   The case was re-presented to a Grand Jury on March 17, 2015.

21.   An indictment was filed on March 19, 2015, and the plaintiff was arraigned in Supreme Court on March 26, 2015.

3

22.   In an oral decision issued on April 27, 2015, Justice McLaughlin found that defendant Plume was not a credible witness based on his presentation and demeanor.

23.   Justice McLaughlin also concluded that defendant Plume's observations of the plaintiff did not give rise to the necessary probable cause to arrest and subsequently search plaintiff.

24.   Justice McLaughlin further held that the plaintiff had the right to run away from the officers when they initiated questioning.

25.   All charges against plaintiff were dismissed.

26.   As a result of the Defendants' actions, Plaintiff suffered extended loss of liberty, loss of reputation, mental, physical and emotional harm of a permanent nature.

27.   At all times during the events described above, the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to one another during the said events.

28.   At all relevant times herein, the defendants were on duty and acting within the scope of their employment.

29.   To the extent that any of the defendants did not participate personally in this misconduct each such defendant was aware of the misconduct, yet failed to take any reasonable steps or make any reasonable effort to prevent or limit such misconduct from occurring or continuing.

4

30.     Thus, each defendant is responsible for the false arrest of plaintiff and the subsequent cover up both for his direct participation in this conduct and his failure to intervene in his co-defendants' misconduct.

31.     In so doing, the individual defendants engaged in a joint venture and assisted each other in performing the various actions described, and lent each other their physical presence and support, as well as the authority of their office during these events.

### FIRST CLAIM FOR RELIEF
**(§1983 Claim Against the Individual Defendants)**

32.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

33.     The defendants, individually and collectively, falsely arrested plaintiff.

34.     The defendants further failed to intervene in each other's misconduct, and then affirmatively sought to cover up said misconduct by lying about the failure to intervene, and the falsified version of the facts surrounding the arrest of plaintiff.

35.     To the extent that any one of the individual defendants did not personally engage in the use of force against plaintiff or the fabrication of evidence concerning plaintiff's arrest, or any of the other unconstitutional conduct alleged herein, he or she witnessed this conduct as it occurred, was aware that it was occurring or would occur, had an ample opportunity to

intervene to prevent it from occurring or continuing to occur, and failed to do so.

36.     By so doing, the individual defendants subjected plaintiff to deprivation of his liberty and thereby violated, and aided and abetted in the violation of, plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution.

37.     By reason thereof, the individual defendants have violated 42 U.S.C.§1983 and caused plaintiff to suffer emotional injuries, mental anguish, and the loss of his constitutional rights.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

38.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

39.     As a result of defendants' aforementioned conduct, plaintiff was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings, without any probable cause, privilege or consent.

40.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

**THIRD CLAIM FOR RELIEF**
**UNLAWFUL SEARCH UNDER 42 U.S.C. § 1983**

41.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

42.     Defendants searched plaintiff in the absence of any individualized reasonable suspicion that plaintiff was concealing weapons or contraband.

43.     As a result of the foregoing, plaintiff was subjected to an illegal and improper search.

44.     The foregoing unlawful search violated plaintiff's constitutional right to privacy, as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

**FOURTH CLAIM FOR RELIEF**
**MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983**

45.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

46.     Defendants misrepresented and falsified evidence before the District Attorney.

47.     Defendants did not make a complete and full statement of facts to the District Attorney.

48.     Defendants withheld exculpatory evidence from the District Attorney.

49.     Defendants misrepresented and falsified evidence before the Grand Jury.

50.     Defendants did not make a complete and full statement of facts

to the Grand Jury.

51.     Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff.

52.     Defendants lacked probable cause to initiate criminal proceedings against plaintiff.

53.     Defendants acted with malice in initiating criminal proceedings against Plaintiff.

54.     Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff.

55.     Defendants lacked probable cause to continue criminal proceedings against plaintiff.

56.     Defendants acted with malice in continuing criminal proceedings against Plaintiff.

57.     Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

58.     Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in Plaintiff's favor and all charges against him were dismissed.

59.     As a result of the foregoing, plaintiff sustained, *inter alia*, loss of liberty, bodily injuries, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

## FIFTH CLAIM FOR RELIEF
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C.§ 1983

60.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

61.     Defendants issued legal process to place plaintiff under arrest.

62.     Defendants arrested plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

63.     Defendants acted with intent to do harm to plaintiff, without excuse or justification.

64.     As a result of the foregoing, plaintiff sustained, *inter alia*, loss of liberty, bodily injuries, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

## SIXTH CAUSE OF ACTION
## FAILURE TO INTERVENE UNDER 42 U.S.C.§ 1983

65.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

66.     Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

67.     Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

68. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CAUSE OF ACTION
## DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL

69. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

70. The individual defendants created false evidence against Plaintiff.

71. The individual defendants forwarded false evidence to prosecutors in the New York County District Attorney's office.

72. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual defendants violated Plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

73. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged

## EIGHTH CLAIM FOR RELIEF
## *MUNICIPAL LIABILITY*

74. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

75. Not only has the municipal defendant effectively ratified such misconduct by NYPD members generally, the foregoing violations of plaintiff's federal constitutional rights and injuries were further directly, foreseeably, proximately, and substantially caused by conduct, chargeable to the defendant City of New York, amounting to deliberate indifference to the constitutional

10

rights of persons, including plaintiff, who are subjected to excessive force and other misconduct by officers the NYPD know have a demonstrated history of such misconduct.

76.    Upon information and belief, the municipal defendant was on notice prior to December 12, 2014, that the individual defendants had a history of engaging in misconduct. Notwithstanding such notice, the NYPD failed to take any meaningful supervisory action or otherwise reasonably respond  to the defendants' conduct, covered up their further misconduct, and left the defendants in place to continue their pattern and practice of unconstitutional behavior

77.    Upon information and belief, each of the individual defendants has also amassed a number of civilian complaints for a variety of misconduct.

78.    Notwithstanding the litany of complaints concerning the defendants' prior misconduct, the City of New York continued to employ the defendants without any change in their status.

79.    Moreover, there were, on information and belief, no meaningful investigations into these complaints, and certainly no attempt whatsoever by the NYPD or the City of New York to examine the defendants' general conduct towards the public. Put differently, the City was aware of this pattern of excessive force by some or all of the individual defendants, yet, upon information and belief, made no effort to modify, increase, supplement, or

otherwise intensify the defendants' supervision, or otherwise ensure that they would not engage in such blatant misconduct.

80.     The City of New York's refusal to impose any discipline, to conduct any meaningful investigation, or to otherwise express even the slightest scintilla of concern that the individual defendants were prone to unnecessary and unjustifiable violence was a clear and unequivocal endorsement of the defendants' misconduct that could only be understood as a ratification of this past misconduct that encouraged the defendants to continue to engage in such misuses of force.

81.     Such actions by the City of New York are a reflection of the municipal defendant's repeated an untenable abdication of its responsibility to supervise and discipline its employees, and to otherwise protect the public from officers the NYPD knows are a threat to the public's safety and well being, and evince a complete disregard and deliberate indifference to the rights and welfare of those with whom these officers, and the defendants in particular, interact.

82.     These actions further reflect a policy, custom, and practice, or a ratification through a demonstrated failure to act to curtail such behavior, and thus the aforesaid policies, procedures, regulations, practices and/or customs of the municipal defendant were, collectively and individually, a substantial factor in bringing about the aforesaid constitutional violations by the individual defendants.

83. The City's abdication of its duty to supervise its police officers, and its tacit, if not overt, endorsement of excessive force and similar misconduct, reflects the City's deliberate indifference to the established risks that such conduct poses to the public at large.

84. The City's failure to act in the fact of overwhelming evidence that the defendants were prone to misconduct against civilians is evidence of its deliberate indifference to the individual defendants' demonstrated pattern of behavior, and the very real risk that they would continue to engage in constitutional violations, such as the assault that they eventually committed against plaintiff.

85. By reason thereof, the municipal defendant has violated 42 U.S.C. § 1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, and the loss of his constitutional rights.

**NINTH CLAIM FOR RELIEF**
**CONSPIRACY TO VIOLATE PLAINTIFF'S CIVIL RIGHTS**

86. Plaintiff repeats and realleges each and every allegation as if fully set forth herein Defendants conspired and acted in concert to do whatever was necessary, lawful or not, to cause the arrest, prosecution, pretrial detention, conviction and imprisonment of plaintiff.

87. Throughout the period of the conspiracy, the defendants pursued their objectives with actual malice toward plaintiff, with utter and deliberate indifference to and disregard for plaintiff's rights under the Constitution and

laws of the United States, without probable or reasonable cause to believe plaintiff guilty of any crime.

88.    Pursuant to the conspiracy, the conspirators, and their employees, agents and servants, intentionally, recklessly, negligently, and/or with complete indifference to the rights of plaintiff: (a) manufactured false evidence; (b) pressured, bribed, coerced and induced witnesses to give untruthful, erroneous, incomplete and/or misleading statements and testimony; (c) failed to correct such false statements and testimony; and (d) withheld from the grand jury, petit jury and trial judge evidence favorable to the accused on the issue of guilt or innocence.

89.    The aforesaid conduct of defendants operated to deprive plaintiff of important and well-established rights under the Constitution and the laws of the United States including, but not limited to, his rights:

(a)    Not to be deprived of his liberty or to be arrested, detained or imprisoned except upon probable cause to believe him guilty of a crime, under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution;

(b)    Not to be deprived of his liberty or to be arrested, indicated, prosecuted or imprisoned based upon evidence fabricated by a government official;

(c)    Not to be deprived of his liberty or to be arrested, indicted, prosecuted or imprisoned based upon the testimony of witnesses who had been

illegally bribed or influenced for their testimony; and

93.     The foregoing violations of plaintiff's constitutional rights by defendants directly and proximately caused plaintiff's arrest, detention, imprisonment and deprivation of liberty.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff demands judgment against defendants jointly and severally as follows:

(a)     Actual and punitive damages against the individual defendants in an amount to be determined at trial;

(b)     Actual damages in an amount to be determined at trial against the City of New York;

(c)     Statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. § 1988 and New York common law, disbursements, and costs of the action; and

(d)     Such other relief as the Court deems just and proper.

DATED:     December 12, 2017

Brooklyn, New York

_____
Amy Rameau, Esq.

15

The Rameau Law Firm
16 Court Street, Suite 2504
Brooklyn, New York 11241
Phone: (718) 852-4759
rameaulawny@gmail.com

*Attorney for Plaintiff*

TO:        All  Defendants
           Corporation Counsel  of the  City of New  York

16